

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2008

# Hussain v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2576

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hussain v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1783.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1783

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2576
_____

MOHAMMED REZAUL HUSSAIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A79 727 899)
Immigration Judge:  Miriam K. Mills
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2008

Before:  FISHER, HARDIMAN and ALDISERT, *Circuit Judges*.

(Filed:   January 9, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

In this case we consider whether the Board of Immigration Appeals (BIA)

improperly neglected to address one of the grounds of appeal raised by Mohammed

Rezaul Hussain, who petitions for our review of the BIA's dismissal of his appeal from the order of the Immigration Judge (IJ) denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). For the reasons that follow, we will grant the petition for review in part and remand.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Hussain, a native and citizen of Bangladesh, entered the United States on March 10, 2001. About a year later, Hussain was charged as removable for overstaying his admission period. Hussain conceded removability and applied for asylum, withholding of removal, and CAT relief, arguing that, if removed, he would be persecuted on account of his political opinion. The IJ denied relief and ordered Hussain removed to Bangladesh. The BIA dismissed his subsequent appeal in a written decision, explaining in part that Hussain "does not challenge the [IJ]'s finding that [he] has not established past persecution, and we find no error in the [IJ]'s conclusion that [he] has also failed to establish a well-founded fear of persecution in Bangladesh on account of his political opinion." The instant petition for review followed.

We have jurisdiction to review a final order of the BIA pursuant to 8 U.S.C.

§ 1252(a)(1). "We must uphold the BIA's factual findings if they are supported by

reasonable, substantial, and probative evidence on the record considered as a whole."

*Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006) (internal quotation marks and citation

omitted). With respect to asylum:

> "A well-founded fear of persecution is the key to eligibility. 8 C.F.R.
> § 208.13(b). . . . If an applicant demonstrates past persecution on account
> of a protected ground there is 'a rebuttable presumption of a well-founded
> fear of future persecution, as long as that fear is related to the past
> persecution.' [Citation omitted]; 8 C.F.R. § 208.13(b)(1). This
> presumption may only be rebutted if the Government proves by a
> preponderance of the evidence that: (1) '[t]here has been a fundamental
> change in circumstances such that the applicant no longer has a
> well-founded fear of persecution'; or (2) '[t]he applicant could avoid future
> persecution by relocating to another part of the applicant's country of
> nationality . . . and . . . it would be reasonable to expect the applicant to do
> so.' 8 C.F.R. § 208.13(b)(1)(i)."

*Shardar v. Attorney Gen.*, 503 F.3d 308, 312-13 (3d Cir. 2007).

With respect to withholding of removal, a clear probability of future persecution,

not just a well-founded fear thereof, is required. *Gabuniya v. Attorney Gen.*, 463 F.3d

316, 320-21 (3d Cir. 2006). However, similar to asylum, a demonstration of past

persecution entitles an applicant to a "presumption that his life or freedom will be

threatened if he returns." *Id.* at 321 (citing 8 C.F.R. § 208.16(b)(1)). Again, so long as

the future threat is related to the past persecution, the burden shifts to the Government to

3

rebut the presumption using one or both of the methods discussed in *Shardar*, as quoted above. *See* 8 C.F.R. § 208.16(b)(1)(ii).

In the case at bar, Hussain argues that the BIA incorrectly found that he did not appeal the IJ's findings regarding past persecution. We agree. As we previously have held, "so long as an immigration petitioner makes some effort, however insufficient, to place the [BIA] on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies." *Joseph v. Attorney Gen.*, 465 F.3d 123, 126 (3d Cir. 2006) (quoting *Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005)). Our review of the record here reveals that in his brief before the BIA, Hussain recounted a 1994 attack by members of the Bangladeshi ruling party on a meeting of his political party, as well as his later arrest by Bangladeshi police, apparently when he reported the political attack. He then specifically pointed out that a well-founded fear of persecution can be based on past persecution. Therefore, Hussain has adequately raised the issue of past persecution before the BIA.

There remains the question whether we should decide the past persecution issue presently. The answer is no, for "[w]here a matter requires determining the facts and deciding whether the facts as found fall within a statutory term, the BIA, not a court of appeals, should make the initial determination." *Cruz v. Attorney Gen.*, 452 F.3d 240, 248 (3d Cir. 2006) (internal quotation marks and citation omitted). Here, we cannot review meaningfully the BIA's decision because there is none: the BIA explicitly

4

declined to address whether Hussain established past persecution, so it also did not analyze whether the Government successfully rebutted, using one of the two methods described in *Shardar*, the presumption of Hussain's well-founded fear of future persecution (for asylum) or clear probability of future persecution (for withholding of removal). Accordingly, on remand the BIA must address the past persecution issue.[1]

## III.

For the foregoing reasons, we will grant Hussain's petition for review in part and remand the matter to the BIA for further proceedings consistent with this opinion.

---

[1]Our remand does not apply, however, to Hussain's request for relief under the CAT because past persecution does not establish any presumption that an applicant would be tortured if he returns to the country of removal. *See Gabuniya*, 463 F.3d at 321; *see also* 8 C.F.R. § 208.16(c)(2), (3)(i). Therefore, we have the ability to review meaningfully the BIA's conclusion under the CAT, and we conclude that it is supported by substantial evidence because nothing that Hussain suffered during the 1994 attack – even as described in his own terms – amounts to an "act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person." *Gabuniya*, 463 F.3d at 321 (quoting 8 C.F.R. § 208.18(a)(1)).